IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LERONE PETTIES, CAROL PETTIES, E.P. PETTIES, I.M. PETTIES, A.P. PETTIES, and B.P. PETTIES, | ) ) ) ) ) | 4:15CV3118 |
| Plaintiffs, | ) ) ) | **MEMORANDUM AND ORDER** |
| v. | ) ) ) | |
| STONY RIDGE APARTMENTS, IRON OAKS PROPERTIES, BRENTON T. LUETCHENS, CINDY SIENE, and LINCOLN HOUSING AUTHORITY, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on initial review of Lerone and Carol Petties' (together, "the plaintiffs") Complaint (Filing No. 1). For the reasons that follow, the court will give the plaintiffs 30 days in which to file an amended complaint that states a claim on which relief may be granted.

## I. SUMMARY OF COMPLAINT

The plaintiffs filed this action against Stony Ridge Apartments, Iron Oak Properties, Brenton Luetchens, Cindy Siene, and the Lincoln Housing Authority. Their allegations are difficult to decipher.

It appears the plaintiffs signed a one-year lease with one or more of the defendants, agreeing to reside at the Stony Ridge Apartments. At some point prior to signing the lease, Lerone Petties ("Lerone") filed a complaint about how the apartments were maintained and also about the "security of the apartment." (Filing No. 1 at CM/ECF p. 2.) The plaintiffs' remaining allegations are as follows:

- Lerone received an eviction notice with "no legal or any other right to have [his] lease terminated." (Filing No. 1 at CM/ECF p. 2.)
- Lerone was advised during a hearing that he was evicted "due to other means." but those other means were "never presented with this allegation." (Filing No. 1 at CM/ECF p. 2.)
- On August 24, 2015, Lerone informed an official of the Lincoln Housing Authority named "Jessica" that Cindy Siene would not accept his rent check for the third week in a row. Jessica advised him not to go to court because he would "loose [sic] [his] voucher." (Filing No. 1 at CM/ECF p. 3.)
- Lerone informed Jessica that Cindy would "work something out with [Carol Petties] but wouldn't take no money from [Lerone]." (Filing No. 1 at CM/ECF p. 3.)
- The Attorney General "showed up in [Lerone's] favor on the hearing date" and felt Lerone was "being picked on and treated inhuman." (Filing No. 1 at CM/ECF p. 3.)
- The landlord stated Lerone would have to leave the apartment, but his family could stay. (Filing No. 1 at CM/ECF P. 4.)
- Lerone is African American and his wife is Caucasian. (Filing No. 1 at CM/ECF p. 4.)

The plaintiffs claim Lerone was evicted "due to the color of his skin" and "because [he filed] a housing complaint." (Filing No. 1 at CM/ECF. 4.) For relief, the plaintiffs seek renewal of their lease, an apology, and compensatory damages. (Filing No. 1 at CM/ECF p. 6.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that

fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

**A. Fair Housing Act**

Liberally construed, the plaintiffs seek relief under the Fair Housing Act, *see* 42 U.S.C. §§ 3601-3619. The Fair Housing Act prohibits discrimination on the basis of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a)-(e). The Fair Housing Act makes it unlawful to "refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race[.]" 42 U.S.C. § 3604(a). It also prohibits discrimination "in the terms, conditions, or privileges of sale or rental

3

of a dwelling, or in the provision of services or facilities in connection therewith, because of race[.]" 42 U.S.C. § 3604(b).

Here, the plaintiffs may have claims under the Fair Housing Act, but their allegations are so vague, disjointed, and conclusory that the court cannot make out a plausible claim for relief against any of the named defendants. Specifically, the plaintiffs allege Lerone was subjected to racial discrimination, but they do not specify who discriminated against him. Moreover, the court cannot discern from the allegations who evicted Lerone from the apartment complex or what relationship Cindy Siene—the individual who accepted money from Carol Petties, but not Lerone—has to the apartment complex.

On the court's own motion, the plaintiffs will be given 30 days in which to file an amended complaint that identifies each defendant and clearly explains what each defendant did to them, when they did it, and how their actions harmed the plaintiffs. The amended complaint will supersede the plaintiffs' original Complaint. They are encouraged to use the court-approved form to draft their amended complaint, which the clerk of the court will provide to them. They must clearly designate on the fact of the document that it is their "Amended Complaint" in this case.

**B.     Other Plaintiffs**

The plaintiffs also named four other individuals as plaintiffs in the caption of their Complaint, E.P. Petties, I.M. Petties, A.P. Petties, and B.P. Petties. The court can reasonably infer from the plaintiffs' allegations that these individuals are the plaintiffs' children.

The plaintiffs cannot represent their children's interests in federal court. First, Federal Rule of Civil Procedure 11(a) requires that all pro se parties to a case sign every pleading, written motion, and other paper that they submit to the court. Rule 11(a) helps to ensure that pro se parties consent to the filing of documents on their

4

behalf.  *See* [United States v. Brenton, No. 8:04CR262, 2007 WL 3124539, at *1-2 (D. Neb. Oct. 23, 2007)](#) (discussing [Johnson v. O'Donnell, No. 01-C-0257-C, 2001 WL 34372892 (W.D. Wis. Aug 24, 2001)](#)).  Second, it is improper for a non-lawyer to sign papers in place of, or to otherwise represent, parties other than themselves.  *See id.* at *1 (citing 5A C. Wright & A. Miller, [Federal Practice and Procedure § 1333](#), at 513 & n.15 (2004)).

For these reasons, the court will direct the clerk of the court to terminate the following individuals as plaintiffs: E.P. Petties, I.M. Petties, A.P. Petties, and B.P. Petties.

IT IS THEREFORE ORDERED that:

1. The plaintiffs must file an amended complaint within 30 days.  Failure to file an amended complaint will result in the court dismissing this case without further notice.

2. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: March 22, 2016: check for amended complaint.

3. The clerk of the court is directed to terminate the following individuals as plaintiffs: E.P. Petties, I.M. Petties, A.P. Petties, and B.P. Petties.

DATED this 19th day of February, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge